## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# JS-6, O

### CIVIL MINUTES - GENERAL

Case No. SACV 10-1672 DOC (MANx)                    Date: January 4, 2011

Title: EILEEN S. NOTICK et. al. v. MERCK & CO., INC. ETC., et. al.

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFFS' MOTION TO REMAND

     Before the Court is a Motion to Remand filed by Plaintiff Eileen S. Notick in the above-captioned case ("Motion") (Docket 13).  The court finds this matter appropriate for decision without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15.  After considering the moving, opposing and replying papers thereon, the Court hereby GRANTS Plaintiffs' Motion.

## I.     BACKGROUND

     As alleged in Plaintiff's Complaint ("Compl."), Plaintiff is a California citizen who sustained injuries following the use of a presciption drug, Fosamax, manufactured by Defendant Merck & Co. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson").  Plaintiff filed suit in Orange County Superior Court on August 2, 2010.  Defendant Merck removed the case to federal court on October 28, 2010, asserting the existence of federal diversity jurisdiction.  Notice of Removal (Docket 1).  In its Notice of Removal, Merck acknowledged that Defendant McKesson, like Plaintiff, is a citizen of California.  Merck, however, argued that McKesson's citizenship should be disregarded because McKesson was fraudulently joined.  Plaintiff disputes the claim that McKesson was fraudulently joined and moves to remand the case to state court

## II.     LEGAL STANDARD

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A court does not consider the citizenship of a "fraudulently joined" defendant when determining whether complete diversity exists such that removal is proper pursuant to 28 U.S.C. § 1441(b). *Morris v Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys.*, 141 F.Supp.2d 10005, 1007 (N.D.Cal.2001). A defendant is "fraudulently joined" when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067 (quoting *McCabe v Gen. Foods Corp.*, 811 F.2d 1136, 1339 (9th Cir. 1987).

### III.    DISCUSSION

Removal is only proper and diversity of citizenship only exists if Defendants can successfully show that McKesson was fraudulently joined. For the reasons discussed below, Defendant cannot make this showing.

Defendant argues that Plaintiffs Complaint "does not contain a straightforward allegation that McKesson distributed the pills that Plaintiff Eileen Notick ingested" and is, in any case, fatally lacking in specificity. Contrary to Defendant's first representation, the Complaint directly states that "Plaintiff is informed and believes that Defendant distributed the PRODUCTS that were dispensed to Plaintiff." Compl. at ¶ 11.

Under California state law, a complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." Cal. Code Civ. Pro. § 425.10(a)(1). This requires "only general allegations of ultimate fact. The plaintiff need not plead evidentiary facts supporting the allegation of ultimate fact. A pleading is adequate so long as it apprises the defendant of the factual basis for the plaintiff's claim." *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1469-1470, 49 Cal.Rptr.3d 227 (Cal.Ct.App.2006) (internal citations omitted). Any disputed factual issues, ambiguities in state law or doubts arising from inartful, ambiguous or technically defective pleading must be resolved in favor of remand. *See Aaron v. Merck & Co.*, 2005 U.S. Dist. Lexis 40745, *5 (Case No. 328952 C.D. Cal. 2005).( "[R]emand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.")

Although the pleading in this case is perhaps less artful than in the cases cited by Defendant, it is minimally sufficient.  Plaintiff alleges that McKesson distributes the Fosamax product, which was the product that injured her, and that McKesson's injuries were caused by the wrongful acts, omissions, and fraudulent misrepresentations of McKesson and the rest of the Defendants.

## IV.    DISPOSITION

The Court finds that Defendant has not met its heavy burden of persuading the Court that Defendant McKesson was fraudulent joined.  Therefore, as both Plaintiff and Defendant McKesson are residents of California, diversity jurisdiction does not exist and Plaintiff's Motion for Remand is GRANTED.  This case is hereby REMANDED to the Orange County Superior Court.

The Clerk shall serve this minute order on all parties to the action.